# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE:** ) | **Case No.** 20-21595-GLT |
| Majestic Hills, LLC, ) | |
|     **Debtor,** ) | **Chapter** 11 |
| Christopher Phillips, and ) | |
| Elizabeth Phillips, husband and wife, ) | **Adversary No.** 20- |
|     **Plaintiffs,** ) | |
| vs. ) | **Document No.** 1 |
| Majestic Hills, LLC; NVR, Inc. d/b/a ) | |
| Ryan Homes; Pennsylvania Soil and ) | |
| Rock Incorporated; Mark R. Brashear; ) | |
| Alton Industries, Inc.; Joseph N. ) | |
| DeNardo d/b/a JND Properties, LLC; ) | |
| and Shari DeNardo, ) | |
|     **Defendants.** ) | |

## NOTICE OF REMOVAL OF STATE COURT CIVIL ACTION
## TO BANKRUPTCY COURT

**TO THE HONORABLE JUDGE TADDONIO, UNITED STATES BANKRUPTCY JUDGE, ALL PARTIES IN THE ABOVE-REFERENCED STATE COURT CIVIL ACTION HEREBY REMOVED, AND THE PROTHONOTARY OF THE COURT OF COMMON PLEAS OF WASHINGTON COUNTY**

**PLEASE TAKE NOTICE** pursuant to Rule 9027 of the Federal Rules of Bankruptcy Procedure, 28 U.S.C. § 1452(a), 28 U.S.C. § 1334, and the Standing Order of the Western District of Pennsylvania dated October 16, 1984, Defendant Majestic Hills, LLC ("Majestic Hills", and "Debtor") hereby removes to this Court the above-captioned State Court action now pending in the Court of Common Pleas for Washington County ("State Court") under civil action number 2018-6037.

As grounds for the removal, Majestic Hills states as follows:

## BACKGROUND

1. Majestic Hills filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (as amended, the "Bankruptcy Code")

on May 21, 2020 in the United States Bankruptcy Court for the Western District of Pennsylvania (the "Bankruptcy Court").

2. Majestic Hills filed this bankruptcy to provide a resolution to certain litigation claims that have arisen from or are related to the development of properties located in North Strabane Township, Washington County, Pennsylvania.

3. Majestic Hills entered into a Lot Purchase Agreement with NVR, Inc. d/b/a Ryan Homes to develop and sell to NVR one-hundred and seventy-nine (179) developed single family lots.

4. Subsequent to the completion of the development, landslides occurred on the properties. The landslides caused the condemnation and destruction of certain lots and structures on the developed property and damage to others.

5. Christopher and Elizabeth Phillips (the "Plaintiffs") are the owners of 1021 Oakwood Drive, Canonsburg, Pennsylvania 15317, originally known as Lot 36, and one of the properties with alleged damage as a result of the 2018 landslide.

6. On or about October 29, 2018, the Plaintiffs filed a Praecipe for Writ of Summons against Majestic Hills, NVR, Inc. d/b/a Ryan Homes, Joseph N. DeNardo, individually and t/d/b/a JND Properties, LLC, Shari DeNardo, Pennsylvania Soil and Rock Incorporated, Mark R. Brashear, and Alton Industries, Inc. A true and correct copy of the Praecipe for Writ of Summons is attached hereto and marked as Exhibit "A".

7. On or about May 6, 2019, the State Court entered an order consolidating case numbers 2018-5757; 2018-6037; 2019-0379; 2019-0923; 2019-1133; 2019-1189; and 2019-1985 for purposes of discovery and conciliation. A true and correct copy of the Order is attached hereto and marked as Exhibit "B".

8. On or about September 20, 2019, the Plaintiffs filed their first Complaint against Majestic Hills, NVR, Inc. d/b/a Ryan Homes, Joseph N. DeNardo, individually and t/d/b/a JND Properties, LLC, Shari DeNardo, Pennsylvania Soil and Rock Incorporated, Mark R. Brashear, and Alton Industries, Inc. (collectively, the "Defendants"). A true and correct copy of the Complaint filed by the Plaintiffs is attached hereto and marked as Exhibit "C".

9. In their Complaint, the Plaintiffs allege various breach of contract and tort claims against the Defendants in connection to the work conducted during the development of the Majestic Hills community.

10. Majestic Hills denies it has any liability to the Plaintiffs under any theory whatsoever.

11. Majestic Hills has further asserted that it would be indemnified by other Defendants, and Additional Defendants joined in the litigation by way of Third Party Complaints for any finding of liability.

12. Majestic Hills has listed all of its potential claims for indemnification against NVR, Inc., Alton Industries, Inc., Mark Brashear, and Pennsylvania Soil and Rock Incorporated on Schedule A/B of its Voluntary Petition.

13. These claims constitute property of the bankruptcy estate pursuant to section 541(a) of the Bankruptcy Code. 11 U.S.C. § 541(a).

14. Majestic Hills filed this chapter 11 proceeding to provide for the resolution of all current and future litigation claims. Through the confirmation of its chapter 11 plan, Majestic Hills intends to establish a liquidating trust which will assume liability for, and use its assets to resolve, the litigation matters.

**REMOVAL JURISDICTION**

15. Pursuant to section 1452 of title 28, "[a] party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a).

16. Section 1334 of title 28 to the United States Code states that district courts have jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).

17. Further, section 157(a) of title 28 states that "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a).

18. Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11. 28 U.S.C. § 157(b)(1). See Stern v. Marshall, 564 U.S. 462, 474, 131 S.Ct. 2594, 2603, 180 L.Ed.2d. 475 (2011).

19. Core proceedings include, but are not limited to, matters concerning the administration of the estate, allowance or disallowance of claims against the estate and estimations of claims for purposes of confirming a plan under chapter 11, counterclaims by the estate against persons filing claims against the estate, and confirmation of plans. 28 U.S.C. § 157(b)(2)(A), (B), (C), (L).

20. A civil proceeding "arises under" title 11 when the cause of action is based on a right or remedy expressly set forth in the Bankruptcy Code. Stoe v. Flaherty, 436 F.3d 209, 216 (3d.Cir.2006) (citation omitted).

21. A civil proceeding "arise in" a bankruptcy case, "if they have no existence outside of the bankruptcy." U.S. Trustee v. Gryphon at the Stone Mansion, Inc., 166 F.3d 552, 556 (3d.Cir.1999).

22. Pre-confirmation, bankruptcy courts have "related to" jurisdiction to hear a civil proceeding if the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy. Nuveen Mun. Trust ex rel. Nuveen High Yield Mun. Bond Fund v. WithumSmith Brown, P.C., 692 F.3d 283, 293-94 (3d Cir.2012) (quoting Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984)); In re Results International, Inc., 372 F.3d 154, 164 (3d Cir. 2004). "The proceeding need not necessarily be against the debtor or the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate." Pacor, Inc., 743 F.2d at 994; see also Parmalat Capital Finance Ltd. v. Bank of America Corp., 639 F.3d 572 (2d Cir. 2011), In re Drauschak, 481 B.R. 330, 337 (Bankr.E.D.Pa. 2012). Furthermore, "'[R]elated to' jurisdiction [exists] over actions [against] non-debtors involve[ing] contractual indemnity obligations between the debtor and non-debtor that automatically result in indemnification liability against the debtor. In re W.R. Grace & Co., 900 F.3d 126, 139 (3d.Cir.2018) (quoting In re Combustion Eng'g, Inc., 391 F.3d 190, 226 (3d.Cir. 2004)).

23.     The State Court action is a core proceeding that "arises under" title 11 to the extent that the Debtor's legal and equitable interests in the action are property of the bankruptcy estate and any ruling would affect the administration of the bankruptcy estate.

24.     The State Court action is a core proceeding that "arises under" title 11 to the extent that it includes the action can lead to the allowance or disallowance of claims against the estate.

25.     The State Court action is a core proceeding that "arises under" title 11 to the extent that the action can be used to estimate claims or interests for the purposes of confirming the Debtor's chapter 11 plan.

26.     The State Court action is a core proceeding that "arises under" title 11 to the extent that the bankruptcy estate contains counterclaims against persons who may file claims against the bankruptcy estate.

27.     The State Court action is a core proceeding that "arises under" title 11 to the extent that the resolution of the action is necessary to determine liability and allowance of claims for purposes of confirming the Debtor's chapter 11 plan.

28.     The State Court action is "related to" the bankruptcy title 11, and otherwise is non-core, to the extent that the outcome of the action would conceivably have an effect on the administration of the bankruptcy estate.

29.     This Court has "related to" jurisdiction to the extent that the outcome of the State Court actions would alter the debtor's rights, liabilities, options or freedom of action against the Plaintiff, other named, non-debtor Defendants. The impairment of the debtor's rights, liabilities, options or freedom of action would otherwise prevent the debtor from properly administering the bankruptcy case and administration of the bankruptcy estate.

30. This Court has "related to" jurisdiction since the State Court action involves contractual indemnity obligations between Majestic Hills and other named, non-debtor Defendants that would automatically result in indemnification liability against the Debtor.

## **PROCEDURE**

31. Removal to the Bankruptcy Court for the Western District of Pennsylvania is required rather than removal to the United States District Court for the Western District of Pennsylvania. Under Bankruptcy Rule 9027(a)(1), a Notice of Removal based on 28 U.S.C. § 1452 must be filed "with the clerk for the district and division within which is located the state or federal court where the civil action is pending." Since Bankruptcy Rule 9001(3) defines "clerk" as the bankruptcy clerk, the notice of removal is filed with the bankruptcy clerk rather than the district court clerk. COLLIER ON BANKRUPTCY, ¶ 9027.03 (15th ed. 2004). See also Funquest Vacations, Inc. v. Northwest Airlines (In re Funquest), 1998 WL 124222, *1 (E.D.Pa. Feb. 5, 1998) ("While the express language of the statute refers to removal to the district court, removal directly to the bankruptcy court of the district has been sustained on several grounds: the bankruptcy court's status as a unit of the district court, the automatic referral of the district court's bankruptcy jurisdiction to the bankruptcy court for that district and the definition in Rule 9001(3) of 'clerk' to mean the 'bankruptcy clerk, if one has been appointed'.").

32. The United States District Court for the Western District of Pennsylvania has a Standing Order dated October 16, 1984 referring "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11." See Standing Order of Reference of Bankruptcy Cases and Proceedings *Nunc Pro Tunc*, October 16, 1984 (emphasis added).

33. In accordance with Rule 9027(a)(1) of the Federal Rules of Bankruptcy Procedure and Rule 7 of the Federal Rules of Civil Procedure, attached as Exhibit "D" are copies of all the process and pleadings from the State Court action. Included in Exhibit "D" is the docket sheet as of the filing of this Notice.

34. The docket sheet makes reference to several entries that are not part of the State Court's public docket, including demands for jury trial made by Majestic Hills, JND Properties, LLC, Joseph and Shari DeNardo (September 16, 2019); the Plaintiffs (September 20, 2019); and North Strabane Township (October 15, 2019). Upon information and belief, these are text-only entries and are not available on the State Court's public docket.

35. A copy of the Notice of the Filing of a Notice of Removal to be filed with the State Court is attached as Exhibit "E".

36. As set forth in the attached certificate of service, all parties required to be served a copy of this Notice of Removal pursuant to Rule 9027 of the Federal Rules of Bankruptcy Procedure (the parties in the State Court Action) have been served.

**NOW THEREFORE,** all parties to the State Court Action pending in the State Court at Case No. 2018-6037 are **HEREBY NOTIFIED** pursuant to Rule 9027(e) of the Federal Rules of Bankruptcy Procedure as follows:

Removal of the State Court action and all claims and cause of action therein was effected upon the filing of a copy of this Notice of Removal with the Prothonotary for the Court of Common Pleas of Washington County pursuant to Rule 9027(c) of the Federal Rules of Bankruptcy Procedure and to the Bankruptcy Court for the Western District of

Pennsylvania. The parties to the State Court Action shall proceed no further unless and until the action is remanded by this Court.

**Respectfully Submitted,**

**DATE:** June 2, 2020

**BY:** /s/ Donald R. Calaiaro
**Donald R. Calaiaro, PA I.D. #27538**
**dcalaiaro@c-vlaw.com**

**CALAIARO VALENCIK**
**938 Penn Avenue, Suite 501**
**Pittsburgh, PA 15222-3708**
**(412) 232-0930**